1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                         **DISTRICT OF NEVADA**
10
11   INFINITE MASTER MAGNETIC,              )
                                            )     Case No. 2:16-cv-00639-JAD-NJK
12                   Plaintiff(s),          )
                                            )     **Report and Recommendation**
13   vs.                                    )
                                            )
14   STATE OF NEVADA, et al.,               )
                                            )
15                   Defendant(s).          )
     _____)

16        Plaintiff brings this case *pro se* and seeking to appear *in forma pauperis* pursuant to 28 U.S.C. §

17   1915.

18        Federal courts are given the authority to dismiss a case if the action is legally "frivolous or

19   malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a

20   Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint,

21   or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it

22   appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle

23   him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed

24   as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v.*

25   *Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when

26   the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

27   noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court

28   dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with

directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff purports to bring dozens of causes of action against numerous defendants, causes of actions ranging from attempted murder to copyright infringement to violation of speedy trial rights. *See, e.g.*, Docket No. 1-1 at 6-7. At bottom, Plaintiff's claims are premised on his contention that he is entitled to immunity as an ambassador and diplomat based on his birth in North America and purported formation of his own state. *See, e.g.*, *id.* at 6. Indeed, Plaintiff's most recent application to proceed *in forma pauperis* identifies his "[b]usiness, profession or other form of self-employment" as "King." Docket No. 8 at 3. Plaintiff is seeking five billion dollars in damages, as well as the return of property to be used as his sovereign state. Docket No. 1-1 at 10.

In light of the delusional nature of Plaintiff's claims, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice and that his application to proceed *in forma pauperis* be **DENIED** as moot.

Dated: April 28, 2016

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).